### CHESEBROUGH MFG. CO., CONSOLIDATED, v. GREENBERG et al.
### No. 5948.

District Court, E. D. New York.
May 23, 1932.

Wm. Wallace White, of New York City, for plaintiff.

Lewis Nadel, of New York City, for defendants.

GALSTON, District Judge.

There seems to me to be no ambiguity in the order of February 17, 1932.[1] The carton, Exhibit A, attached to the motion papers, is a violation of that provision of the order relating to the trade-mark "Blue Seal," as covered in registration No. 284672, and of the concluding sentence of the order enjoining the defendant "from using on the bottle or other container for petroleum jelly or petrolatum a blue label." Why the defendant adopted a blue seal, after having been ordered to desist from the use of the carton, Exhibit C, can be explained on no other ground than by an attempt to invade plaintiff's registration and good will incident thereto; nor does the Greenberg affidavit carry much conviction in view of the stress made therein on the alleged single instance of the use of the new carton (Plaintiff's Exhibit A). The plaintiff's supplemental affidavits leave no doubt in my mind that there was a rather general distribution of that carton after the entry of the injunction order.

So far as explanation is concerned, the reliance on the advice of the attorney is, of course, no defense. However, it may be noted that, even if such explanation were available as a defense, it nowhere appears that the attorney recommended or approved the use of a blue seal.

---

[1] The order was as follows:

Order for Preliminary Injunction.

And now, to wit, this 17th day of February, A. D. 1932, this cause having come on to be heard upon return of order upon defendants to show cause why a preliminary injunction should not issue as prayed for in the bill of complaint, and the court having heard Wm. Wallace White, Wallace White, and Hugh M. Morris on behalf of the plaintiff, and W. H. K. Davey on behalf of the defendants,

It is ordered: That the defendants David Greenberg and Samuel Riff, copartners doing business under the firm name and style of United Pharmaceutical Company, their agents, servants and employees, be and they hereby are restrained pending the further order of this court from putting up, marking, selling, or in any wise disposing of or taking any part in, or in anywise contributing to, the sale of any petroleum jelly or petrolatum, under the name or mark "Vaseline" or under other name or mark imitating or simulating the trade-mark "Vaseline" or the trade-mark "Blue Seal," and from otherwise infringing trade-marks:

No. 44 790 dated July 25, 1905 (Renewed)
45 138 dated Aug. 8, 1905 (Renewed)
140 345 dated March 15, 1921
161 098 dated November 7, 1922
283 824 dated June 9, 1931
286 262 dated August 25, 1931
284 672 dated July 7, 1931

—and from using on the bottle or other container for petroleum jelly or petrolatum a blue label with or without white lettering thereon, or a blue cap with or without white lettering thereon in simulation or imitation of plaintiff's label and cap as annexed to the bill of complaint.

The motion is granted, and a fine of $250 is imposed upon the defendant, one-half for the benefit of the plaintiff.

Settle order on notice.